1  HENRY D. GRADSTEIN, ESQ., STATE BAR NO. 89747
   KING, HOLMES, PATERNO & SORIANO, LLP
2  1900 AVENUE OF THE STARS, 25TH FLOOR
   LOS ANGELES, CALIFORNIA 90067-4506
3  TELEPHONE: (310) 282-8989
   HGRADSTEIN@KHPSLAW.COM
4

5  Attorneys for Plaintiff
   WASHOUTPAN.COM, LLC
6

7                    UNITED STATES DISTRICT COURT

8       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

9
   WASHOUTPAN.COM, LLC, a California         CASE NO.
10 limited liability company
                                            COMPLAINT FOR DAMAGES AND
11                    Plaintiff,            INJUNCTIVE RELIEF FOR:

12      vs.                                      (1) FEDERAL PASSING OFF [15 U.S.C.
                                                     § 1125(a)];
13 HD SUPPLY CONSTRUCTION SUPPLY,                (2) FEDERAL FALSE ADVERTISING
   LTD., a Florida limited partnership; and         [15 U.S.C. § 1125(a)];
14 DOES 1-10, inclusive,                         (3) TRADE DRESS INFRINGEMENT
                                                     [15 U.S.C. § 1125(a)];
15                    Defendants.                (4) FEDERAL COPYRIGHT
                                                     INFRINGEMENT [17 U.S.C. § 501];
16                                               (5) CALIFORNIA UNFAIR
                                                     COMPETITION [CAL. BUS. &
17                                                   PROF. CODE § 17200];
                                                 (6) CALIFORNIA UNFAIR
18                                                   COMPETITION [CAL. BUS. &
                                                     PROF. CODE § 17500];
19                                               (7) COMMON LAW UNFAIR
                                                     COMPETITION;
20                                               (8) COMMON LAW TRADEMARK
                                                     INFRINGEMENT;
21                                               (9) COMMON LAW TRADE DRESS
                                                     INFRINGEMENT.
22
                                                 DEMAND FOR JURY TRIAL
23

24

25      Plaintiff, for its Complaint, alleges as follows:

26                         **INTRODUCTION**

27      1.      Plaintiff Washoutpan.com, LLC ("WP" or "Plaintiff"), has been a leader in the

28 concrete containment pan industry since 2004.  WP began a business relationship with Defendant

5295.060/1400084.1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   HD Supply Construction Supply, LTD., d/b/a HD Supply Construction & Industrial – White Cap,

2   ("HDS" or "Defendant") at the end of 2012, where WP began supplying its Washout Pan concrete

3   containment pan products to HDS.  WP entered into an agreement in 2013 for WP to continue

4   supplying its Washout Pan products to HDS.  The agreement terminated February 2018.

5      2.      HDS has since been manufacturing, or instructing one or more parties to

6   manufacture, and selling concrete containment pans imitating the complete Washout Pan product

7   line, including WP's trade dress in the PRO line pans.  The imitation pans have the identical

8   dimensions and color as the Washout Pan products and have mirrored affixed metal identification

9   plates displaying each of the Washout Pan original product numbers, specifications, and serial

10  numbers positioned on the pans identically to the Washout Pan identification plates.  HDS has

11  advertised the imitation pans using the WASHOUT PAN trademark and photographs, product

12  numbers, product statistics, safety data, and engineering calculation packets of WP's Washout Pan

13  products.

14     3.      WP seeks damages and injunctive relief in this action.

15                      **THE PARTIES**

16     4.      Plaintiff Washoutpan.com, LLC, ("WP" or "Plaintiff") is a limited liability

17  company duly organized and existing under the laws of the State of California, with its principal

18  place of business located at 5330 Alta Bahia Court, San Diego, California  92109.

19     5.      On information and belief, Defendant HD Supply Construction Supply, LTD., d/b/a

20  HD Supply Construction & Industrial – White Cap, ("HDS" or "Defendant") is a limited

21  partnership duly organized and existing under the laws of the State of Florida, with its principal

22  place of business located at 3100 Cumberland Boulevard, Suite 1700, Atlanta, Georgia  30339.

23     6.      Plaintiff does not know the true names and capacities, whether individual,

24  corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10,

25  inclusive.  Plaintiff therefore sues them by use of fictitious names.  Plaintiff is informed and

26  believes that Doe Defendants 1 through 10 are affiliated in some manner with HDS and have

27  direct, contributory, or vicarious responsibility for the wrongful acts as alleged herein.  Plaintiff

28  will amend this Complaint appropriately once the true names and capacities of Doe Defendants 1

KING, HOLMES,
PATERNO &
SORIANO, LLP

5295.060/1400084.1
2
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    through 10 are learned.  As used below, the term "Defendants" shall collectively refer to the

2    named defendant HDS together with the defendants identified as DOES 1 through 10.

3         7.      On information and belief, at all times herein mentioned, each of the Defendants

4    was the agent of each of the remaining Defendants, and in doing the things alleged herein, was

5    acting within the scope of such agency.  On information and belief, the conduct of each of the

6    Defendants as alleged herein was ratified by each of the other Defendants, and the benefits thereof

7    were accepted by each of the other Defendants.

8         8.      On information and belief, each of the Defendants induced the other Defendants to

9    infringe upon Plaintiff's rights, participated in, and enabled the other Defendants to engage in the

10    conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other

11    Defendants would infringe upon Plaintiff's rights, and constitute unfair competition and false and

12    deceptive actions.  Therefore each of the Defendants is jointly and severally liable as a

13    contributory or vicarious infringer of Plaintiff's rights.

14                        **JURISDICTION AND VENUE**

15         9.      This action arises under the Lanham Act and the Copyright Act.  The Complaint

16    states claims for federal unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. §

17    1125(a)); infringement of a federally registered copyright under the Copyright Act (17 U.S.C. §§

18    106 and 501); California unfair competition under Cal. Bus. & Prof. Code §§ 17200 and 17500;

19    unfair competition under the common law; and trademark and trade dress infringement under the

20    common law.

21        10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

22    1331 and 1338 and 15 U.S.C. § 1121.  This Court has pendent and supplemental jurisdiction over

23    the state law claims pursuant to 28 U.S.C. § 1338(b) and 1367(a).

24        11.      This Court has personal jurisdiction over Defendants because on information and

25    belief it has committed one or more of the infringing acts and acts of unfair competition

26    complained of herein in California and in this district, on information and belief it has one or more

27    stores located in California and in this district, and on information and belief it does regular

28    business in California and in this district. This Court has personal jurisdiction over Defendants

KING, HOLMES,
PATERNO &
SORIANO, LLP

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 because, among other things, Defendants conduct business in the State of California and in this

2 judicial district and thus enjoy the privileges and protections of California law.

3   12. Venue in this Court is proper at least under the provisions of 28 U.S.C. §§ 1391.

4            **FACTS**

5   13. Washoutpan.com, LLC was founded in 2004 under its current name and is an

6 industry leader in manufacturing industrial containment products.  WP's products are compliant

7 with regulatory requirements established by local governments and the US government under

8 Occupational Safety and Health Administration (OSHA); Environmental Protection Agency

9 (EPA); Stormwater Pollution Prevention Plan (SWPPP); Spill Prevention, Control, and

10 Countermeasure (SPCC); and National Pollutant Discharge Elimination System (NPDES).

11   14. WP's Washout Pan product line comprises concrete containment pans used to

12 receive and contain liquid concrete waste from concrete pumps and ready mix trucks.  The

13 Washout Pans are reusable and do not contaminate the loads they hold, allowing all materials to be

14 recycled.  The Washout Pans also do not require the contained material to set prior to transport,

15 thereby allowing immediate relocation.  Since its establishment in 2004, WP has publicly and

16 continuously used in interstate commerce the WASHOUT PAN trademark (the "Mark")

17 throughout the US and Canada in association with its industrial containment products.

18   15. WP's Mark is an inherently distinctive, strong mark.  On information and belief, to

19 the extent its use in association with WP's goods has at any point not been inherently distinctive,

20 WP's use of the Mark throughout the US in connection with its goods over time cause it, prior to

21 HDS's infringing acts, to acquire secondary meaning that served to distinguish the Mark in the

22 minds of relevant consumers as an indicator of the origin or source of goods associates with them.

23 On information and belief, WP has common law trademark rights in its Mark throughout

24 California and the rest of the US.

25   16. WP's Washout Pans include a PRO line with concrete containment pans

26 727214PRO 72" x 72" x 14" PRO Pan, 727224PRO 72" x 72" x 24" PRO Pan, 509614PRO 50" x

27 96" x 14" PRO Pan, 509618PRO 50" x 96" x 18" PRO Pan, 604814PRO 60" x 48" x 14" PRO

28 Pan.  The overall appearance of WP's pans in the PRO line, including the appearance of the

1    rolling floor and the fifth D ring, is inherently distinctive.  On information and belief, to the extent

2    the overall appearance of WP's pans in the PRO line has at any point not been inherently

3    distinctive, WP's overall appearance of the PRO line pans displayed throughout the US in

4    connection with its goods over time cause it, prior to HDS's infringing acts, to acquire secondary

5    meaning that served to distinguish the appearance of the PRO line pans in the minds of relevant

6    consumers as an indicator of the origin or source of the pans.  On information and belief, the

7    features of PRO line pans which cause their overall appearance to be distinctive, including the

8    rolling floor and the fifth D ring, are not functional.  On information and belief, WP has common

9    law trade dress rights in the PRO line pans throughout California and the rest of the US.  A true

10   and correct copy of images of pans from WP's PRO line showing the rolling floor and fifth D ring

11   is attached hereto as Exhibit "A."

12       17.    On or around October 2012, WP and HDS began discussions of HDS potentially

13   selling WP's Washout Pans.  HDS sold WP's Washout Pans on or around December 2, 2013.

14       18.    WP and HDS entered into a Supplier Buyer Agreement for HDS to distribute WP's

15   Washout Pan products with a start date of January 1, 2014.

16       19.    In January 2014, WP created a video and high resolution photographs of Washout

17   Pan products with HDS's Brigade label.  WP created, paid for, and provided all marketing content

18   for the Washout Pan products, including printed brochures, displays, and sample products.

19       20.    On December 4, 2014, HDS requested that WP send photographs of Washout Pan

20   products that would be displayed at the World of Concrete tradeshow on February 3-6, 2015.

21   HDS specifically requested that WP share with HDS lifestyle application images of the products

22   in use.  WP sent HDS high resolution photographs by WP of WP's products including the

23   8414PRO, 8418PRO, 5414PRO, 6614PRO, and 6624PRO, which WP had already renamed the

24   products to 509614PRO, 509618PRO, 604814PRO, 727214PRO, 727224PRO, 727214HD, and

25   727224HD, respectively.

26       21.    On or around December 15, 2014, a sticker to be placed on the Washout Pan

27   products was finalized by HDS including the words "BRIGADE FOR PROS CONCRETE

28   WASHOUT PAN" and "WhiteCap.com".

22.     On June 11, 2015, WP sent HDS updated specification sheets of the Washout Pan product line.  On June 16, 2015, HDS requested that WP send a video and data sheets created by WP of the Washout Pan products.  WP sent HDS the 2015 catalogue for WP's products.

23.     On January 8, 2016, HDS informed WP that it would like to change the current Brigade label on the sticker that is placed on WP's pans to a HDS White Cap logo.  WP suggested the sticker further be updated to include the statement "SPRAY INTERIOR WITH RELEASE AGENT/FORM OIL BEFORE EACH USE. INSPECT ALL WELDS PRIOR TO LIFTING. DO NOT USE IF DAMAGED."  An updated sticker including the HDS White Cap logo and the statement was finalized on or around January 15, 2016 to be placed on WP pans for HDS.

24.     On or around November 2016, WP stopped selling and marketing the Washout Pan 300 Gallon Tool Washout Station product 484241PRO and repeatedly informed HDS to remove this product from all sales and marketing materials, but HDS failed to do so.

25.     Effective February 7, 2018, WP and HDS entered into a Confidential Settlement Agreement and Release, which ended their Supplier Buyer Agreement.

26.     On information and belief, HDS contacted WP to obtain Washout Pan products' engineering calculation packets under the disguise of consumers for the purpose of using the information to create and/or sell imitation pans.

27.     WP had the engineering company Devco Engineering Inc. calculate the structural designs of the Washout Pan products and draft OSHA safety calculation packets for WP that were unique to the Washout Pan products.  On information and belief, HDS contacted the manufacturing company WP used for manufacturing the Washout Pan products, Consolidated Fabricators, Corp., which had possession of the packets per WP's authorization.  On information and belief, HDS received the packets by pretending to be authorized to receive the information.  HDS did not have WP's authorization or consent to receive the packets.

28.     As early as February 2018, HDS began selling concrete containment pans and lids imitating WP's Washout Pan products and using WP's copyrighted photographs of Washout Pan products without authorization or consent on HDS's website, catalogues, and paid keyword targeted Google Adwords for the sale of the imitation pans.  A true and correct copy of HDS's

1  unauthorized use of WP's copyrighted photographs in HDS's e-catalogue is attached hereto as

2  Exhibit "B."  A true and correct copy of HDS's unauthorized use of WP's copyrighted photograph

3  on HDS's website is attached hereto as Exhibit "C."  A true and correct copy of HDS's

4  unauthorized use of WP's copyrighted lifestyle images of Washout Pan products owned by WP is

5  attached hereto as Exhibit "D." A true and correct copy of HDS's unauthorized use of WP's

6  copyrighted photographs in an advertisement is attached hereto as Exhibit "E".

7       29.    On information and belief, HDS manufactured, or instructed one or more parties to

8  manufacture, the imitation pans based at least partially on specifications for the Washout Pan

9  products that HDS obtained.

10      30.    The pans imitating WP's PRO line pans infringe on WP's trade dress in the PRO

11  line pans, including the rolling floor and the fifth D ring.

12      31.    Because the pans imitating the appearance of WP's PRO line of pans imitate WP's

13  trade dress including the rolling floor and the fifth "D" ring, the relevant public is likely to identify

14  Defendants' concrete containment pans as those from Plaintiff, or to believe or be confused as to

15  whether Plaintiff has some connection or association with Defendants' goods.

16      32.    HDS passed off the imitation pans as authentic Washout Pan products by

17  advertising and marking the imitation pans with the product numbers, product statistics, safety

18  data, engineering calculation packets, and countries of origin of the Washout Pan products.  The

19  imitation pans included imitations of WP's 727214PRO 72" x 72" x 14" PRO Pan, 727224PRO

20  72" x 72" x 24" PRO Pan, 509614PRO 50" x 96" x 14" PRO Pan, 509618PRO 50" x 96" x 18"

21  PRO Pan, 604814PRO 60" x 48" x 14" PRO Pan, 727214HD 72" x 72" x 14" HD Pan, 727224HD

22  72" x 72" x 24" HD Pan, watertight lid 50 x 96, and watertight lid 72 x 72.  HDS also passed off

23  an imitation of the 484241PRO 300 Gallon Tool Washout Station product that WP sold until

24  around November 2016.

25      33.    On information and belief, HDS used WP's original product numbers for the

26  imitation pans and WP's original product numbers with "444" added to the beginning to signify

27  WP's pans that were sold by HDS, for example 444727214PRO for WP's product 727214PRO.

28      34.    For the imitation pans, HDS listed manufacturing numbers identical to WP's

KING, HOLMES,
PATERNO &
SORIANO, LLP

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  product numbers, as shown in Exhibit "C."

2      35.    HDS included WP's trademark WASHOUT PAN in the names of the imitation

3  pans, such as 'Brigade Concrete Washout Pan 72" x 72" x 24"'.  Exhibit "B" shows HDS naming

4  all of the imitation pans as "WASHOUT PANS".

5      36.    HDS's use of WP's Mark has caused or is likely to cause confusion, and/or to

6  cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants with

7  Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods.  Defendants' conduct

8  as alleged above, through commercial advertising and promotion, has misrepresented the origin of

9  HDS's goods.

10     37.    HDS advertised the imitation pans with the same product specifications for the

11 Washout Pans, including the weight of the Washout Pans and the maximum weight capacity of the

12 Washout Pans.  On information and belief, the imitation pans weigh over one hundred pounds less

13 than the corresponding Washout Pans, and the imitation pans use significantly less steel.  On

14 information and belief, HDS sells imitation pans with false statements of the pans' weights.  On

15 information and belief, HDS has sold and continues to sell imitation pans with false statements of

16 the pans' maximum weight capacity.

17     38.    The imitation pans comprise the identical dimensions and color as the Washout Pan

18 products.  The imitation pans also have mirrored affixed metal identification plates displaying

19 each of the Washout Pan original product numbers, specifications, and serial numbers positioned

20 on the pans identically to the Washout Pan identification plates.

21     39.    On information and belief, the imitation pans comprise lifting "D" rings that are not

22 marked with weight ratings.

23     40.    On information and belief, the imitation pans that HDS has sold and continues to

24 sell are falsely marked with the country of origin being USA.  On information and belief, the

25 country of origin for the imitation pans is South Korea or China.

26     41.    On information and belief, the imitation pans are made differently than the

27 Washout Pans and harm WP's reputation in the market based upon consumer confusion of the

28 source of the imitation pans.  On information and belief, the imitation pans are not OSHA

1 | compliant. The imitation pans are made with substantially less steel than the Washout Pans and

2 | are marketed and sold with listed weights that mirror the Washout Pan specification. On

3 | information and belief, the imitation pans do not use weight rated "D" rings or else the marked

4 | weight ratings have been removed from the "D" rings and painted over to disguise the weight

5 | ratings. The imitation pans have an open and hollow three-sided headrail, whereas Washout Pans

6 | do not have an open and hollow three-sided headrail. The imitation pans have visible large gaps

7 | where the rigging connections and the three-sided headrail are welded together, whereas the

8 | Washout Pans do not have such gaps.

9 |      42.    On May 1, 2018, WP demanded in writing that HDS immediately cease and desist

10 | from possessing, controlling, or using descriptions of operation or other technical descriptions and

11 | design specifications of the Washout Pan products. WP reminded HDS on November 13, 2018 of

12 | its demands to cease and desist.

13 |      43.    On August 24, 2018, WP confronted HDS in writing about HDS's continued

14 | marketing of WP's Washout Pans and WP's photographs, engineering specifications, load testing

15 | data, and engineering calculation packets for the sale of imitation pans from another supplier.

16 |      44.    WP emailed HDS on October 18, 2018 about HDS's use, without authorization, of

17 | WP's photographs and product data on HDS's website and catalogues for the sale of imitation

18 | pans because HDS's use had not stopped.

19 |      45.    WP purchased three imitation pans from HDS between September 18, 2018 and

20 | November 13, 2018. One of the shipments of the imitation pans included an engineering

21 | calculation packet detailing specifications of a Washout Out product by Devco Engineering Inc.

22 | The imitation pans included metal identification plates displaying each of the Washout Pan

23 | product specifications and original product numbers including 604814PRO, 727214PRO,

24 | 727224PRO, 509618PRO, 509614PRO, 727214HD, and 727224HD, with the plates positioned on

25 | the pans identically to the Washout Pan identification plates. On information and belief, on

26 | December 21, 2018, HDS attempted to retrieve at least one of the imitation pans WP had

27 | purchased from WP's premises without WP's aurthorization or consent.

28 |      46.    WP and Defendants are business competitors as they both provide concrete

KING, HOLMES,
PATERNO &
SORIANO, LLP

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  containment pans in shared geographical regions, including throughout California.

2      47.    On information and belief, Amazon.com removed Washout Pan products from its

3  website because of lower prices listed for the imitation pans on another website and

4  Amazon.com's belief that the Washout Pan products and the imitation pans were comparable.

5      48.    Ram Tool Construction Supply Co. ("Ram Tool") and WP agreed upon stock

6  orders of Washout Pan products for multiple branches of Ram Tool.  On information and belief,

7  Ram Tool did not make the agreed orders with WP because of lower pricing being offered by

8  HDS for the imitation pans, which Ram Tool believed to be Washout Pan products.

9      49.    HDS branches across the US contacted WP on numerous occasions after February

10  2018, inquiring about ordering Washout Pan products, but no orders were received by WP.  On

11  information and belief, HDS employees explained to WP that the branches ordered products from

12  another manufacturer.

13      50.    On information and believe, concrete companies told WP that they purchased what

14  they believed to be Washout Pans from HDS because the cost was less than buying directly from

15  WP.

16      51.    On information and belief, one or more HDS employees informed WP that the

17  HDS office in Atlanta, Georgia had copied the Washout Pan products and was working with a

18  company located close to HDS headquarters.

19      52.    Registration applications with the US Copyright Office were filed on December 15,

20  2018 and December 16, 2018 for WP's owned photographs of Washout Pan concrete containment

21  pans including a top view and a side view of the 727224PRO; a top view and a side view of the

22  509618PRO; a top view and a side view of the 509614PRO; a top view, a fork side view, and a

23  flat side view of the 727214PRO; a top view and a side view of the 604814PRO; a bottom view

24  and a side view of the 727224HD; a bottom view and a side view of the 727214HD; a side view of

25  a pan from the Washout Pan product line; concrete being dumped into a pan from the Washout

26  Pan product line; a machine being rinsed over a pan from the Washout Pan product line; and a side

27  view of a pan from the Washout Pan product line that is filled with liquid cement waste.  The

28  applications were assigned numbers 1-7228739801, 1-7231360351, 1-7228740075, 1-

1  7228739923, 1-7228739867, 1-7228739545, 1-7230181298, 1-7230181251, 1-7228739257, 1-

2  7231360398, 1-7228739429, 1-7228739999, 1-7228739313, 1-7231360444, 1-7231360669, 1-

3  7228739212, 1-7228674164, 1-7228673887, and 1-7228673781, respectively.  A registration

4  application with the US Copyright Office was filed on January 17, 2019 for WP's owned

5  photograph of a Washout Pan watertight lid and assigned number 1-7331616711.  True and

6  correct copies of the works filed are attached hereto as Exhibit "F" in the order listed above.

7       53.    On information and belief, WP's photograph of the Washout Pan watertight lid was

8  used by HDS for the advertising and promotion of the imitation lids of various sizes, including

9  watertight lids 50 x 96 and 72 x 72.

10  **FIRST CAUSE OF ACTION**

11  **(Federal Passing Off; against all Defendants; 15 U.S.C. § 1125(a))**

12       54.    Plaintiff realleges and incorporates by reference the full text of all of the foregoing

13  numbered paragraphs as though fully set forth herein.

14       55.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, inter alia, the use

15  by a person of any word, term, name, symbol, or device, or any combination thereof, or any false

16  or misleading designation of origin or representation in connection with the offering for sale and

17  sale of goods which is likely to cause confusion, mistake, or deception as to the affiliation,

18  connection, or association of such person with another person, or which is likely to cause

19  confusion, mistake, or deception as to the origin, source, sponsorship, or approval of such goods.

20       56.    In connection with the sale of and as part of the names for the concrete containment

21  pans, watertight lids, and tool washout station imitating WP's Washout Pan products and the 300

22  Gallon Tool Washout Station that WP used to sell, HDS has used WP's trademark WASHOUT

23  PAN, such as in 'Brigade Concrete Washout Pan 72" x 72" x 24"' and as a header "WASHOUT

24  PANS" to listed imitation pans.

25       57.    HDS's use of WP's Mark has caused or is likely to cause confusion, and/or to

26  cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants with

27  Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods.  Defendants' conduct

28  as alleged above, through commercial advertising and promotion, has misrepresented the origin of

1  HDS's goods.

2          58.     In connection with the sale of the concrete containment pans imitating WP's

3  Washout Pan products, HDS has used photographs, product numbers, product statistics, safety

4  data, engineering calculation packets, and countries of origin of the Washout Pan products.  The

5  imitation pans, lids, and station comprise the identical dimensions and color as the Washout Pan

6  products.  The imitation pans also have mirrored affixed metal identification plates displaying

7  each of the Washout Pan original product numbers, specifications, and serial numbers positioned

8  on the pans identically to the Washout Pan identification plates.

9          59.     HDS's conduct as alleged above has caused or is likely to cause confusion, and/or

10  to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants

11  with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods.

12          60.     On information and belief, by the aforesaid acts, Defendants' acts of unfair

13  competition have been willful, taken despite actual knowledge of Plaintiff's rights in the

14  WASHOUT PAN Mark, with the intent to cause, or with willful blindness as to whether they

15  would cause, confusion, mistake, and/or deception among relevant consumers concerning

16  Defendants' goods, and injury to Plaintiff's reputation, goodwill, and sales.  On information and

17  belief, HDS's delivery of an engineering calculation packet detailing specifications of a Washout

18  Out product with an imitation pan demonstrates HDS's intent to cause confusion, mistake, and/or

19  deception among relevant consumers concerning Defendants' goods, and injury to Plaintiff's

20  reputation, goodwill, and sales.

21          61.     Defendants' conduct as alleged above has damaged and will continue to damage

22  WP, or is likely to damage WP.

23          62.     On information and belief, as a result of their conduct as alleged above, Defendants

24  has been unjustly enriched and have wrongfully profited.

25          63.     Under 15 U.S.C. § 1117, WP is entitled to recover the greater of its actual damages

26  or Defendants' profits from their acts constituting false designation of origin and unfair

27  competition.

28          64.     As a direct and proximate result of Defendants' tortious conduct as alleged above,

KING, HOLMES,
PATERNO &
SORIANO, LLP

1   Plaintiff has been damaged in an amount which is not as yet fully ascertained, but which Plaintiff

2   believes exceeds $3,000,000.

3         65.    Under 15 U.S.C. § 1117, Defendants' conduct was malicious, oppressive and

4   fraudulent and undertaken with the express purpose and design of willfully depriving Plaintiff of

5   its rights.  Plaintiff is entitled to treble damages in an amount exceeding $9,000,000 to punish and

6   make an example of Defendants, according to proof at trial, as well as WP's reasonable attorneys'

7   fees.

8         66.    Defendants' conduct, unless permanently enjoined, will cause irreparable harm to

9   WP and to its goodwill and reputation.

10         67.    Unless restrained and enjoined by this Court, Defendants will continue to engage in

11   the wrongful conduct alleged above, customers are likely to continue to be deceived and/or

12   mistaken as to the true source, quality, sponsorship and affiliation of Defendants' goods,

13   Plaintiff's reputation and goodwill will be harmed in ways difficult to monetarily quantify,

14   adequately repair, and compensate, and multiple suits will be required.

15   **SECOND CAUSE OF ACTION**

16   **(Federal False Advertising; against all Defendants; 15 U.S.C. § 1125(a))**

17         68.    Plaintiff realleges and incorporates by reference the full text of all of the foregoing

18   numbered paragraphs as though fully set forth herein.

19         69.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, inter alia, the use

20   by a person of a false or misleading description of fact, or false or misleading representation of

21   fact in connection with the offering for sale and sale of goods, which in commercial advertising or

22   promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or

23   another person's goods.

24         70.    On information and belief, HDS made false or misleading statements of fact about

25   the imitation pans and lids by using WP's photographs, product numbers, product statistics, safety

26   data, and engineering calculation packets of Washout Pan products in commercial advertisement

27   or promotion for the imitation pans in interstate commerce.

28         71.    The above false or misleading statements of fact are likely to deceive in a material

KING, HOLMES,
PATERNO &
SORIANO, LLP

5295.060/1400084.1

13

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  way because they contain safety data, weights, and strengths that are understood by consumers to

2  pertain to the imitation concrete containment pans.  The accuracy of this information is vital to the

3  safe use of the pans and lids.

4       72.    The above false or misleading statements of fact have caused or are likely to cause

5  competitive or commercial injury to WP by misrepresenting that the imitation pans and lids and

6  the Washout Pan products are identical or nearly identical when they are actually different.

7       73.    By the aforesaid acts, Defendants' acts of unfair competition have been willful by

8  including information specific to the Washout Pan products, which HDS knew was specific to the

9  Washout Pan products, to advertise the imitation pans and lids, with the intent to cause, or with

10  willful blindness as to whether they would cause, deception in a material way among relevant

11  consumers concerning Defendants' goods, and injury to WP's reputation, goodwill, and sales.

12       74.    HDS's conduct as alleged above has damaged and will continue to damage WP, or

13  is likely to damage WP.

14       75.    On information and belief, as a result of its conduct as alleged above, HDS has

15  been unjustly enriched and has wrongfully profited.

16       76.    Under 15 U.S.C. § 1117, WP is entitled to recover the greater of its actual damages

17  or Defendants' profits from their acts constituting false designation of origin and unfair

18  competition.

19       77.    As a direct and proximate result of Defendants' tortious conduct as alleged above,

20  Plaintiff has been damaged in an amount which is not as yet fully ascertained, but which Plaintiff

21  believes exceeds $3,000,000.

22       78.    Under 15 U.S.C. § 1117, Defendants' conduct was malicious, oppressive, and

23  fraudulent and undertaken with the express purpose and design of willfully depriving Plaintiff of

24  its rights.  Plaintiff is entitled to treble damages in an amount exceeding $9,000,000 to punish and

25  make an example of Defendants, according to proof at trial, as well as WP's reasonable attorneys'

26  fees.

27       79.    Defendants' conduct, unless permanently enjoined, will cause irreparable harm to

28  WP and to its goodwill and reputation.

KING, HOLMES,
PATERNO &
SORIANO, LLP

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    80.    Unless restrained and enjoined by this Court, Defendants will continue to engage in

2    the wrongful conduct alleged above, customers are likely to continue to be deceived and/or

3    mistaken as to the true source, quality, sponsorship and affiliation of Defendants' goods,

4    Plaintiff's reputation and goodwill will be harmed in ways difficult to monetarily quantify,

5    adequately repair, and compensate, and multiple suits will be required.

6                        **THIRD CAUSE OF ACTION**

7         **(Trade Dress Infringement; against all Defendants; 15 U.S.C. § 1125(a))**

8    81.    Plaintiff realleges and incorporates by reference the full text of all of the foregoing

9    numbered paragraphs as though fully set forth herein.

10   82.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, inter alia, the use

11   by a person of any word, term, name, symbol, or device, or any combination thereof, or any false

12   or misleading designation of origin or representation in connection with the offering for sale and

13   sale of goods which is likely to cause confusion, mistake, or deception as to the affiliation,

14   connection, or association of such person with another person, or which is likely to cause

15   confusion, mistake, or deception as to the origin, source, sponsorship, or approval of such goods.

16   83.    The overall appearance of WP's pans in the PRO line, including the appearance of

17   the rolling floor and the fifth D ring, is inherently distinctive.  On information and belief, to the

18   extent the overall appearance of WP's pans in the PRO line has at any point not been inherently

19   distinctive, WP's overall appearance of the PRO line pans displayed throughout the US in

20   connection with its goods over time cause it, prior to HDS's infringing acts, to acquire secondary

21   meaning that served to distinguish the appearance of the PRO line pans in the minds of relevant

22   consumers as an indicator of the origin or source of the pans.

23   84.    On information and belief, the features of PRO line pans which cause their overall

24   appearance to be distinctive, including the rolling floor and the fifth D ring, are not functional.

25   85.    On information and belief, WP has common law trade dress rights in the overall

26   appearance of the PRO line pans throughout California and the rest of the US.

27   86.    On information and belief, Defendants have manufactured, or instructed another

28   party to manufacture, and sold concrete containment pans imitating the appearance and trade dress

King, Holmes,
Paterno &
Soriano, LLP

5295.060/1400084.1                                15
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 │ of WP's PRO line of pans including the rolling floor and the fifth "D" ring.

2 │       87.    Plaintiff and Defendants are business competitors as they both provide concrete

3 │ containment pans in shared geographical regions, including throughout California.

4 │       88.    HDS's conduct as alleged above has caused or is likely to cause confusion, and/or

5 │ to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants

6 │ with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods.

7 │       89.    By the aforesaid acts, Defendants' acts of unfair competition have been willful by

8 │ manufacturing, or instructing another party to manufacture, and selling pans imitating the trade

9 │ dress of WP's PRO line pans with the intent to cause, or with willful blindness as to whether they

10 │ would cause, deception in a material way among relevant consumers concerning Defendants'

11 │ goods, and injury to WP's reputation, goodwill, and sales.

12 │       90.    HDS's conduct as alleged above has damaged and will continue to damage WP, or

13 │ is likely to damage WP.

14 │       91.    On information and belief, as a result of its conduct as alleged above, HDS has

15 │ been unjustly enriched and has wrongfully profited.

16 │       92.    Under 15 U.S.C. § 1117, WP is entitled to recover the greater of its actual damages

17 │ or Defendants' profits from their acts constituting false designation of origin and unfair

18 │ competition.

19 │       93.    As a direct and proximate result of Defendants' tortious conduct as alleged above,

20 │ Plaintiff has been damaged in an amount which is not as yet fully ascertained, but which Plaintiff

21 │ believes exceeds $3,000,000.

22 │       94.    Under 15 U.S.C. § 1117, Defendants' conduct was malicious, oppressive and

23 │ fraudulent and undertaken with the express purpose and design of willfully depriving Plaintiff of

24 │ its rights. Plaintiff is entitled to treble damages in an amount exceeding $9,000,000 to punish and

25 │ make an example of Defendants, according to proof at trial, as well as WP's reasonable attorneys'

26 │ fees.

27 │       95.    Defendants' conduct, unless permanently enjoined, will cause irreparable harm to

28 │ WP and to its goodwill and reputation.

96.     Unless restrained and enjoined by this Court, Defendants will continue to engage in the wrongful conduct alleged above, customers are likely to continue to be deceived and/or mistaken as to the true source, quality, sponsorship and affiliation of Defendants' goods, Plaintiff's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair, and compensate, and multiple suits will be required.

## FOURTH CAUSE OF ACTION

**(Federal Copyright Infringement; against all Defendants; 17 U.S.C. § 106, *et seq.*)**

97.     Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though fully set forth herein.

98.     17 U.S.C. § 501 prohibits, inter alia, anyone from copying original expression from a copyrighted work during the term of the copyright without the owner's permission.

99.     WP is the sole owner of the copyrights in original photographs that are fixed in tangible media of expression.  Between December 15, 2018 through December 16, 2018, the US Copyright Office accepted applications for copyright registration for the original works assigned case numbers 1-7228739801, 1-7231360351, 1-7228740075, 1-7228739923, 1-7228739867, 1-7228739545, 1-7230181298, 1-7230181251, 1-7228739257, 1-7231360398, 1-7228739429, 1-7228739999, 1-7228739313, 1-7231360444, 1-7231360669, 1-7228739212, 1-7228674164, 1-7228673887, and 1-7228673781. The US Copyright Office also accepted the application for copyright registration filed on January 17, 2019 for the original work assigned case number 1-7331616711.

100.    On information and belief, HDS infringed WP's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, by producing, reproducing, distributing, and publicly displaying WP's protected works of assigned US copyright registration application numbers 1-7228739801, 1-7231360351, 1-7228740075, 1-7228739923, 1-7228739867, 1-7228739545, 1-7230181298, 1-7230181251, 1-7228739257, 1-7231360398, 1-7228739429, 1-7228739999, 1-7228739313, 1-7231360444, 1-7231360669, 1-7228739212, 1-7228674164, 1-7228673887, 1-7228673781, and 1-7331616711 without WP's authorization or consent.

101.    On information and belief, HDS's infringement has been undertaken knowingly

1  and with intent to financially gain from WP's copyrighted works, or HDS acted with reckless

2  disregard for, or willful blindness to, WP's rights.

3      102.    HDS's conduct as alleged above has damaged and will continue to damage WP.

4      103.    On information and belief, as a result of its conduct as alleged above, HDS has

5  been unjustly enriched and has wrongfully profited.

6      104.    Under 17 U.S.C. § 504, WP is entitled to actual damages and any profits of HDS

7  that are attributable to the infringement and not taken into account in computing actual damages,

8  in an amount to be proved at trial and all other relief allowed under the Copyright Act.

9      105.    As a direct and proximate result of Defendants' tortious conduct as alleged above,

10  Plaintiff has been damaged in an amount which is not as yet fully ascertained, but which Plaintiff

11  believes exceeds $3,000,000.

12                          **FIFTH CAUSE OF ACTION**

13                  **(California Unfair Competition; against all Defendants;**

14                          **Cal. Bus. & Prof. Code § 17200)**

15      106.    Plaintiff realleges and incorporates by reference the full text of all of the foregoing

16  numbered paragraphs as though fully set forth herein.

17      107.    California Business & Professions Code § 17200 defines unfair competition to

18  include any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue,

19  or misleading advertising.

20      108.    On information and belief, HDS made false or misleading statements of fact about

21  the imitation pans by using photographs, product numbers, product statistics, safety data, and

22  engineering calculation packets of WP's Washout Pan products in commercial advertisement or

23  promotion for the imitation pans and lids.

24      109.    HDS fraudulently made the false or misleading statements of fact, knowing that the

25  photographs, product numbers, product statistics, safety data, and engineering calculation packets

26  were specific to the Washout Pan products and were not accurate of the imitation pans.

27      110.    HDS's conduct as alleged above has damaged and will continue to damage WP.

28      111.    As a direct and proximate result of Defendants' tortious conduct as alleged above,

1  Plaintiff has been damaged in an amount which is not as yet fully ascertained, but which Plaintiff

2  believes exceeds $3,000,000.

3      112.    Defendants' conduct was malicious, oppressive and fraudulent and undertaken with

4  the express purpose and design of willfully depriving Plaintiff of its rights.  Plaintiff is entitled

5  under Cal. Civ. Code § 3294 to punitive damages in an amount sufficient to punish and make an

6  example of Defendants, according to proof at trial.

7                          **SIXTH CAUSE OF ACTION**

8                   **(California Unfair Competition; against all Defendants;**

9                          **Cal. Bus. & Prof. Code § 17500**

10     113.    Plaintiff realleges and incorporates by reference the full text of all of the foregoing

11 numbered paragraphs as though fully set forth herein.

12     114.    California Business & Professions Code § 17500 prohibits, inter alia, anyone with

13 intent to dispose of personal property from making public statements concerning the personal

14 property that are untrue or misleading, and which are known or should be known to be untrue or

15 misleading, and intending not to sell personal property so advertised.

16     115.    On information and belief, HDS made false or misleading statements of fact about

17 the imitation pans by using photographs, product numbers, product statistics, safety data, and

18 engineering calculation packets of WP's Washout Pan products in commercial advertisement or

19 promotion for the imitation pans and lids.

20     116.    HDS knew, or should have known by the exercise of reasonable care, that the

21 photographs, product numbers, product statistics, safety data, and engineering calculation packets

22 were specific to the Washout Pan products and were not accurate of the imitation pans and lids.

23     117.    HDS's conduct as alleged above has damaged and will continue to damage WP.

24     118.    As a direct and proximate result of Defendants' tortious conduct as alleged above,

25 Plaintiff has been damaged in an amount which is not as yet fully ascertained, but which Plaintiff

26 believes exceeds $3,000,000.

27     119.    Defendants' conduct was malicious, oppressive and fraudulent and undertaken with

28 the express purpose and design of willfully depriving Plaintiff of its rights.  Plaintiff is entitled

KING, HOLMES,
PATERNO &
SORIANO, LLP

5295.060/1400084.1                          19
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   under Cal. Civ. Code § 3294 to punitive damages in an amount sufficient to punish and make an

2   example of Defendants, according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**(Common Law Unfair Competition; against all Defendants)**

5   120.   Plaintiff realleges and incorporates by reference the full text of all of the foregoing

6   numbered paragraphs as though fully set forth herein.

7   121.   On information and belief, HDS made false or misleading statements of fact about

8   the imitation pans by using photographs, product numbers, product statistics, safety data, and

9   engineering calculation packets of WP's Washout Pan products in commercial advertisement or

10  promotion for the imitation pans and lids.

11  122.   HDS fraudulently made the false or misleading statements of fact, knowing that the

12  photographs, product numbers, product statistics, safety data, and engineering calculation packets

13  were specific to the Washout Pan products and were not accurate of the imitation pans and lids.

14  123.   As a result of Defendants' conduct described above, WP has lost profits and

15  suffered additional harm to its reputation and goodwill, all in amounts to be proven at trial.

16  124.   On information and belief, as a result of Defendants' conduct described above,

17  Defendants have unfairly acquired or retained revenues, in an amount to be proven at trial.

18  Plaintiff is entitled to an order that Defendants disgorge all such unfairly acquired money.

19  125.   Defendants' conduct, unless permanently enjoined, will cause irreparable harm to

20  WP and to its goodwill and reputation.

21  126.   Defendants' conduct has caused, and will continue to cause, irreparable harm to

22  Plaintiff, harm for which Plaintiff has no adequate remedy at law. For those reasons, Plaintiff is

23  entitled to preliminary and permanent injunctive relief to prevent further acts of unfair

24  competition.

25  127.   As a direct and proximate result of Defendants' tortious conduct as alleged above,

26  Plaintiff has been damaged in an amount which is not as yet fully ascertained, but which Plaintiff

27  believes exceeds $3,000,000.

28  128.   Defendants' conduct was malicious, oppressive and fraudulent and undertaken with

1  the express purpose and design of willfully depriving Plaintiff of its rights.  Plaintiff is entitled

2  under Cal. Civ. Code § 3294 to punitive damages in an amount sufficient to punish and make an

3  example of Defendants, according to proof at trial.

4  **EIGHTH CAUSE OF ACTION**

5  **(Common Law Trademark Infringement; against all Defendants)**

6  129.    Plaintiff realleges and incorporates by reference the full text of all of the foregoing

7  numbered paragraphs as though fully set forth herein.

8  130.    WP's Mark is an inherently distinctive, strong mark. WP has been consistently

9  using the Mark throughout the US as a source identifier for its goods and has acquired common

10  law trademark rights throughout California and the rest of the US.  On information and belief, to

11  the extent its use in association with WP's goods has at any point not been inherently distinctive,

12  WP's use of the Mark over time caused it, prior to Defendants' infringing acts, to acquire

13  secondary meaning that served to distinguish the mark in the minds of relevant consumers, as an

14  indicator of the origin or source of services associated with them.

15  131.    Defendants have used a mark containing Plaintiff's Mark in connection with

16  concrete containment pans and lids by using "Washout Pan" in the names of the imitation pans

17  and lids, such as 'Brigade Concrete Washout Pan 72" x 72" x 24"' and as "WASHOUT PANS"

18  above listed imitation pans.

19  132.    Defendants have used a mark containing Plaintiff's Mark in connection with a tool

20  washout station by using "Washout Pan" in the name of the station imitation the 300 Gallon Tool

21  Washout Station that WP sold until around November 2016.

22  133.    Plaintiff and Defendants are business competitors as they both provide concrete

23  containment pans and lids in shared geographical regions, including throughout California.

24  134.    On information and belief, the relevant public is likely to identify Defendants'

25  concrete containment pans, lids, and tool station as those from Plaintiff, or to believe or be

26  confused as to whether Plaintiff has some connection or association with Defendants' goods.

27  135.    Defendants' conduct as alleged above is unfair and unlawful under the common

28  law of the State of California.

136.   As a result of Defendants' conduct described above, WP has lost profits and suffered additional harm to its reputation and goodwill.

137.   On information and belief, as a result of Defendants' conduct described above, Defendants have unfairly acquired or retained revenues, in an amount to be proven at trial. Plaintiff is entitled to an order that Defendants disgorge all such unfairly acquired money.

138.   Defendants' conduct has caused, and will continue to cause, irreparable harm to Plaintiff, harm for which Plaintiff has no adequate remedy at law.  For those reasons, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent further acts of unfair competition.

139.   As a direct and proximate result of Defendants' tortious conduct as alleged above, Plaintiff has been damaged in an amount which is not as yet fully ascertained, but which Plaintiff believes exceeds $3,000,000.

140.   Defendants' conduct was malicious, oppressive and fraudulent and undertaken with the express purpose and design of willfully depriving Plaintiff of its rights.  Plaintiff is entitled under Cal. Civ. Code § 3294 to punitive damages in an amount sufficient to punish and make an example of Defendants, according to proof at trial.

## NINTH CAUSE OF ACTION

### (Common Law Trade Dress Infringement; against all Defendants)

141.   Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though fully set forth herein.

142.   The overall appearance of WP's pans in the PRO line, including the appearance of the rolling floor and the fifth D ring, is inherently distinctive.  On information and belief, to the extent the overall appearance of WP's pans in the PRO line has at any point not been inherently distinctive, WP's overall appearance of the PRO line pans displayed throughout the US in connection with its goods over time cause it, prior to HDS's infringing acts, to acquire secondary meaning that served to distinguish the appearance of the PRO line pans in the minds of relevant consumers as an indicator of the origin or source of the pans.

143.   On information and belief, the features of PRO line pans which cause their overall

1    appearance to be distinctive, including the rolling floor and the fifth D ring, are not functional.

2        144.    On information and belief, WP has common law trade dress rights in the overall

3    appearance of the PRO line pans throughout California and the rest of the US.

4        145.    On information and belief, Defendants have manufactured, or instructed another

5    party to manufacture, and sold concrete containment pans imitating the appearance and trade dress

6    of WP's Pro line of pans including the rolling floor and the fifth D ring.

7        146.    Plaintiff and Defendants are business competitors as they both provide concrete

8    containment pans in shared geographical regions, including throughout California.

9        147.    On information and belief, the relevant public is likely to identify Defendants'

10   concrete containment pans as those from Plaintiff, or to believe or be confused as to whether

11   Plaintiff has some connection or association with Defendants' goods.

12       148.    Defendants' conduct as alleged above is unfair and unlawful under the common

13   law of the State of California.

14       149.    By the aforesaid acts, Defendants' acts of unfair competition have been willful by

15   manufacturing, or instructing another party to manufacture, and selling pans imitating the trade

16   dress of WP's PRO line pans with the intent to cause, or with willful blindness as to whether they

17   would cause, deception in a material way among relevant consumers concerning Defendants'

18   goods, and injury to WP's reputation, goodwill, and sales.

19       150.    As a result of Defendants' conduct described above, WP has lost profits and

20   suffered additional harm to its reputation and goodwill.

21       151.    On information and belief, as a result of Defendants' conduct described above,

22   Defendants have unfairly acquired or retained revenues, in an amount to be proven at trial.

23   Plaintiff is entitled to an order that Defendants disgorge all such unfairly acquired money.

24       152.    Defendants' conduct has caused, and will continue to cause, irreparable harm to

25   Plaintiff, harm for which Plaintiff has no adequate remedy at law.  For those reasons, Plaintiff is

26   entitled to preliminary and permanent injunctive relief to prevent further acts of unfair

27   competition.

28       153.    As a direct and proximate result of Defendants' tortious conduct as alleged above,

King, Holmes,
Paterno &
Soriano, LLP

5295.060/1400084.1                              23
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Plaintiff has been damaged in an amount which is not as yet fully ascertained, but which Plaintiff

2  believes exceeds $3,000,000.

3      154.   Defendants' conduct was malicious, oppressive and fraudulent and undertaken with

4  the express purpose and design of willfully depriving Plaintiff of its rights.  Plaintiff is entitled

5  under Cal. Civ. Code § 3294 to punitive damages in an amount sufficient to punish and make an

6  example of Defendants, according to proof at trial.

7                    **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiff prays for judgment against Defendant, jointly and severally, as

9  follows:

10     1.   That Defendants' products and materials that infringe WP's copyrights, as well as

11  any other articles that contain or embody copies of WP's original work, be destroyed pursuance to

12  17 U.S.C. § 503(b);

13     2.   That the Court preliminarily and then permanently enjoin Defendants, and all of

14  their officers, directors, agents, servants, employees and attorneys, and all other persons acting

15  directly or indirectly in concert with Defendants, from using in commerce, in connection with the

16  advertising, marketing, distribution, sale or offering for sale of any concrete containment pans, or

17  related goods, the trademark WASHOUT PAN or any other confusingly similar mark or

18  designation, or from otherwise infringing upon Plaintiff's trademark; from using in commerce, in

19  connection with the advertising, marketing, distribution, sale or offering for sale of any concrete

20  containment pans, or related goods, WP's trade dress for the PRO line pans or any other

21  confusingly similar trade dress, or from otherwise infringing upon Plaintiff's trade dress; from

22  unfairly competing with Plaintiff; from engaging in acts of false advertising; and from engaging in

23  any other acts that tend to damage the value of Plaintiff's WASHOUT PAN Mark, trade dress,

24  trade name, business reputation, and goodwill.

25     3.   That Plaintiff be awarded its damages and profits acquired by Defendants through

26  Defendants' unlawful acts in an amount which is not as yet fully ascertained,  but which Plaintiff

27  believes exceeds $3,000,000;

28     4.   That the Court increase and enhance by three times any award of damages and/or

   profits based on Defendants' willfulness in an amount exceeding $9,000,000 for Defendants' acts

KING, HOLMES,
PATERNO &
SORIANO, LLP

5295.060/1400084.1                      24
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  of federal passing off and federal false advertising under the Lanham Act;

2       5.     That the Court award exemplary damages for Defendants' acts of unfair

3  competition under Cal. Bus. & Prof. Code, of unfair competition at common law, and of

4  trademark and trade dress infringement at common law;

5       6.     For costs of suit and fees incurred herein; and

6       7.     For such other and further relief as the Court deems just and proper.

7

8  DATED:   January 22, 2019            KING, HOLMES, PATERNO & SORIANO, LLP

9

10                                 By:  _____/s/ Henry D. Gradstein_____

11                                       HENRY D. GRADSTEIN
                                         Attorneys for Plaintiff WASHOUTPAN.COM, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28