UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASHOUTPAN.COM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HD SUPPLY CONSTRUCTION SUPPLY LTD., and DOES 1-10,<br><br>Defendants. | Case No. 2:19-cv-00494-AB-JEMx<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND DISMISS IN PART PLAINTIFF'S SECOND AMENDED COMPLAINT** |

## I. INTRODUCTION

Before the Court is Defendant HD Supply Construction Supply, Ltd.'s ("Defendant") motion to strike and dismiss in part Plaintiff Washoutpan.com, LLC's ("Plaintiff") Second Amended Complaint. (Dkt. No. 35.) Plaintiff filed an opposition, (Dkt. No. 38), and Defendant filed a reply. (Dkt. No. 39). The Court heard oral argument regarding Plaintiff's motion on November 1, 2019. For the reasons stated below the Court **DENIES** Defendant's motion to strike and dismiss in part Plaintiff's Second Amended Complaint.

//

1.

## II. BACKGROUND

Plaintiff manufactures industrial containment products, including "concrete pans used to receive and contain liquid concreate waste from concreate pumps and ready mix trucks." (Dkt. No. 34, Second Am. Compl. ("SAC") ¶¶ 13–14.) At some point prior to the commencement of this action, Plaintiff and Defendant entered into a Supplier Buyer Agreement for Defendant to distribute Plaintiff's washout pan products. *Id.* ¶¶ 1, 18. The Agreement had a start date of January 1, 2014. *Id.* ¶ 18. Defendant sold Plaintiff's washout pans for several years, but then stopped purchasing washout pans from Plaintiff in February 2018, when the parties entered into a settlement agreement and release terminating the Supplier Buyer Agreement. *Id.* ¶¶ 24, 25.

In February 2018, Defendant allegedly began selling concrete containment pans and lids imitating Plaintiff's washout pan products, and using Plaintiff's photographs of washout pan products, without authorization, on Defendant's website, in catalogues, and as paid keyword targeted Google Adwords for the sale of the imitation pans. *Id.* ¶ 28.

On January 22, 2019, Plaintiff filed a complaint against Defendant. (Dkt. No. 1). On March 25, 2019, Plaintiff filed its First Amended Complaint alleging nine causes of action against Defendant. (Dkt. No. 19.) Defendant moved to dismiss Plaintiff's First Amended Complaint on April 12, 2019. (Dkt. No. 21.) This Court granted in part and denied in part Defendant's motion, and granted Plaintiff leave to amend, on August 5, 2019. (Dkt. No. 33.) Plaintiff filed its SAC on August 26, 2019, which Defendant now seeks to dismiss and strike in part.

## III. LEGAL STANDARDS

### a. Rule 12(b)(6) standard

Federal Rule of Civil Procedure 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted."

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

### b. Rule 12(f) standard

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The function of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. Cal. 1993) (quotation omitted) (overruled on other grounds in *Fogerty v Fantasy Inc.*, 510 U.S. 517 (1994)).  If there is any doubt as to whether the allegations might be an issue in the action, the motion should be denied.  *Id*.

### IV. DISCUSSION

Defendant seeks to strike Plaintiff's "photograph-related" allegations on the ground that they are preempted by the Copyright Act. (Dkt. No. 35-1 at 3–5.) Defendant

3.

also seeks to dismiss Plaintiff's second cause of action for federal false advertising, and Plaintiff's third and ninth[1] causes of action for trade dress infringement and common law trade dress infringement.

### 1. Defendant's motion to strike Plaintiff's photograph-related allegations as pre-empted by the Copyright Act is DENIED

Defendant, without identifying specific causes of action, moves to strike Plaintiff's photograph-related allegations as pre-empted by the Copyright Act. The Court previously rejected this argument in granting in part and denying in part Defendant's motion to dismiss Plaintiff's First Amended Complaint. *See* (Dkt. No. 33 at 6–7.)

Defendant argues anew that Plaintiff's photograph-based allegations should be stricken because (1) they are pre-empted by the Copyright Act, and (2) they are irrelevant and impertinent since Plaintiff has not re-alleged a Copyright Act violation in its SAC. (Dkt. No. 35-1 at 3–5). However, because the Court concludes, as before, that "Plaintiff's remaining causes of action relate to more than Defendant's use of its copyrighted photographs," *see* (Dkt. No. 33 at 6–7), the rights asserted under Plaintiff's state law claims are not equivalent to the rights protected under 17 U.S.C. § 106.[2] *See Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006) (setting out two-part test for preemption of state law claims under the Copyright Act).

Moreover, because the photographs submitted as exhibits to Plaintiff's SAC, and the allegations based on those photographs, are relevant to Plaintiff's causes of action

---

[1] Although Defendant's motion states that it seeks to dismiss Plaintiff's eighth cause of action for trade dress infringement, because Plaintiff's eighth cause of action is for common law trademark infringement, rather than trade dress infringement, the Court interprets Defendant's motion as seeking to dismiss Plaintiff's ninth cause of action for common law trade dress infringement.

[2] That Plaintiff's Second Amended Complaint does not re-allege a Copyright Act violation claim has no effect in this case on the Court's conclusion that Plaintiff's state law causes of action for false advertisement and unfair competition assert different rights than those protected under the Copyright Act.

4.

for false advertising and unfair competition, Defendant is incorrect to argue that Plaintiff's photograph-based allegations are irrelevant and impertinent without Plaintiff's Copyright Act claim.

The Court accordingly **DENIES** Defendant's motion to strike Plaintiff's photograph-based claims under Rule 12(f).

### 2. Defendant's motion to dismiss Plaintiff's second cause of action is DENIED

Defendant seeks to dismiss Plaintiff's second cause of action for federal false advertising under 15 U.S.C. § 1125(a) on the ground that Plaintiff fails to plead any facts showing that Defendant produced an advertisement that was materially false or misleading. (Dkt. No. 35-1 at 5–11.)

To establish a false advertising claim[3] under the Lanham Act, a plaintiff must allege: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be

---

[3] 15 U.S.C. § 1125(a) provides in pertinent part:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device . . . or any false designation of origin, which . . .

    (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damages by such an act.

15 U.S.C. § 1125(a)(1)(B).

5.

injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *see also Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008). "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Id.*

Lanham Act false advertising claims are subject to Rule 9(b)'s heightened pleading requirements. *Tortilla Factory, LLC v. Better Booch, LLC*, No. 2:18-CV-02980-CAS (SKx), 2018 WL 4378700, at *8 (C.D. Cal. Sept. 13, 2018); *Obesity Research Institute, LLC v. Fiber Research Int'l, LLC,* 165 F. Supp. 3d 937 (S.D. Cal. 2016). A plaintiff asserting false advertising claims under the Lanham Act must identify "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly false statement, and why it is false." *Tortilla Factory*, 2018 WL 4378700 at *7 (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).

In its SAC, Plaintiff alleges (1) that Defendant created and posted product links on its website that included Plaintiff's trademark and product numbers, SAC ¶¶ 70–71, (2) that Defendant paid Google Adwords to divert consumers searching for Plaintiff's product to Defendant's website listings, *id.* ¶ 72, (3) that the webpages linked to featured Plaintiff's photographs depicting Plaintiff's washout pans, while the products sold were not Plaintiff's washout pans, *id.* ¶ 73, (4) that Defendant used a Concrete Tray Lifting Ratings sheet that Plaintiff commissioned in marketing its washout pans, although the pans were not certified, *id.* ¶ 75, and (5) that Defendant distributed a hard-copy catalogue in 2018 and 2019 containing photographs of Plaintiff's pans, product numbers, and trademark, *id.* ¶ 76.

6.

Here, Plaintiff has alleged sufficient facts to survive dismissal of its false advertising claim. In particular, Plaintiff alleges (1) that it sent Defendant high resolution photographs of Plaintiff's pans on or about December 4, 2012, SAC ¶ 20, (2) that immediately after January 23, 2018, Defendant used Plaintiff's photographs of Plaintiff's pans, Plaintiff's product serial numbers, and Plaintiff's trademark in advertisements[4] on Defendant's website and in Defendant's catalogues, *id.* ¶¶ 70–71, 73, 76, and (3) that at the time Defendant used the photographs, serial numbers, and trademark in these advertisements, Defendant was not actually selling Plaintiff's pans. *Id.* ¶¶ 70, 72. These allegations are sufficient to allege a cause of action under 15 U.S.C. § 1125(a)(1)(B). *See Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1121 (E.D. Cal. 2010) ("A violation of [15 U.S.C. § 1125(a)(1)(B)"] occurs when a producer misrepresents his own goods or services as someone else's, or, conversely, when he represents someone else's goods and services as his own.") (citing *Optimum Techs. Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1248 (11th Cir. 2007)).

The Court accordingly **DENIES** Defendant's motion to dismiss Plaintiff's second cause of action.

### 3. Defendant's motion to dismiss Plaintiff's third and ninth causes of action is DENIED

Defendant seeks to dismiss Plaintiff's third cause of action for trade dress

---

[4] Defendant argues that the webpage links referenced in Plaintiff's SAC do not constitute advertisements for the purposes of a false advertising claim under the Lanham Act, as they are not commercial speech. *See* Dkt. No. 35-1 at 9–10. However, "[t]he core notion of commercial speech is that it does no more than propose a commercial transaction." *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1184 (9th Cir. 2001) (quoting *Bolger v. Young Drug Prods. Corp.*, 463 U.S. 60, 66 (1983)) (internal quotation marks omitted). Because the website links identified by Plaintiff propose a commercial transaction, as delineated in the exhibits attached to Plaintiff's complaint, *see* Dkt. Nos. 34-2, 34-3, the Court finds Defendant's argument that these webpages do not constitute advertisements within the meaning of the Lanham Act unavailing.

7.

infringement and ninth[5] cause of action for common law trade dress infringement on the grounds that (1) Plaintiff fails to identify the type of trade dress Defendant allegedly violated, (2) Plaintiff fails to allege the non-functionality of its trade dress, and (3) Plaintiff fails to allege the distinctiveness of its trade dress. (Dkt. No. 35-1 at 12–16).

First, Defendant cites no authority, and the Court finds none, that a failure to specifically elect a trade dress claim for either product configuration or product packaging is a proper basis for dismissing Plaintiff's causes of action for trade dress infringement. Second, as Plaintiffs correctly argue, the functionality inquiry is a heavily fact-dependent one that is not appropriate for resolution at the motion to dismiss stage. *See SCG Characters LLC v. Telebrands Corp.*, No. 15-cv-00374, 2015 WL 4624200, at *7 (C.D. Cal. Aug. 3, 2015). Finally, Plaintiffs have alleged sufficient facts to show the distinctiveness of its purported trade dress, including the combination of serial numbers, Plaintiff's product tag, its product color, the rolling floor of its pans, and the fifth "D" ring on its pans. *See e.g.*, SAC ¶ 89.

The Court accordingly **DENIES** Defendant's motion to dismiss Plaintiff's third and ninth causes of action.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to strike and dismiss in part Plaintiff's SAC.

**IT IS SO ORDERED.**

Dated: December 4, 2019

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

---

[5] *See* note 1, *supra*.

8.