SEAN D. FLAHERTY (SBN: 272598)
sflaherty@grsm.com
PATRICK J. MULKERN (SBN: 307272)
pmulkern@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

Attorneys for Defendant
HD SUPPLY CONSTRUCTION SUPPLY, LTD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASHOUTPAN.COM, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HD SUPPLY CONSTRUCTION SUPPLY , LTD., a Florida limited partnership; and DOES 1 through 10, inclusive<br><br>Defendant. | CASE NO. 2:19-cv-00494-AB-JEM<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>District Judge:<br>Hon. Andre Birotte, Jr.<br><br>Magistrate Judge:<br>John E. McDermott |

Defendant HD Supply Construction Supply, Ltd. ("HD Supply") hereby answers Plaintiff Washoutpan.com, LLC's ("WP") Second Amended Complaint ("SAC") as follows.  HD Supply denies the allegations and characterizations in WP's SAC unless expressly admitted in the following paragraphs.

**Introduction**

1. HD Supply admits that it had a business relationship with WP that began in 2012 and ended in 2018, but denies the remaining allegations of this paragraph.

2. HD Supply denies the allegations of this paragraph.

///

1

3. HD Supply admits that WP's SAC seeks damages and injunctive relief. HD Supply denies WP's alleged entitlement to these remedies.

### The Parties

4. HD Supply admits the allegations of this paragraph.

5. HD Supply admits that it is a limited partnership duly organized and existing under the laws of the State of Florida, with its principal place of business in Atlanta, Georgia. Its address is 3400 Cumberland Boulevard, Suite 1700.

6. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

7. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

8. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

### Jurisdiction and Venue

9. HD Supply admits the allegations of this paragraph.

10. HD Supply admits the allegations of this paragraph.

11. HD Supply admits that this Court has personal jurisdiction over it, but denies the remaining allegations of this paragraph.

12. HD Supply admits the allegations of this paragraph.

### Facts

13. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

14. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

15. HD Supply denies the allegations of this paragraph.

16. HD Supply denies the allegations of this paragraph.

17. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

18. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

19. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

20. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

21. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

22. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

23. HD Supply admits that at some point sticker was to be changed, but lacks knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

24. HD Supply denies that WP "repeatedly informed HDS to remove this product from all sales and marketing materials, but HDS failed to do so," but lacks knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

25. HD Supply admits the allegations of this paragraph. However, HD Supply does not make any admission regarding the legal application of terms or provisions which may survive termination.

26. HD Supply denies the allegations of this paragraph.

27. HD Supply lacks knowledge or information sufficient to form a belief regarding whether WP had Devco Engineering Inc. calculate or draft anything, and denies the remaining allegations of this paragraph.

28. HD Supply denies the allegations of this paragraph.

29. HD Supply denies the allegations of this paragraph.

30. HD Supply denies the allegations of this paragraph.

31. HD Supply denies the allegations of this paragraph.

32. HD Supply denies the allegations of this paragraph.

33. HD Supply denies the allegations of this paragraph.

34. HD Supply denies the allegations of this paragraph.

35. HD Supply admits that it has referred to its washout pan products as "washout pan" but denies the remaining allegations of this paragraph.

36. HD Supply denies the allegations of this paragraph.

37. HD Supply denies the allegations of this paragraph.

38. HD Supply denies the allegations of this paragraph.

39. HD Supply admits that its products contain D rings that are not marked with weight ratings on the D-rings themselves. HD Supply denies that its products are insufficiently marked under applicable statue or regulation.

40. HD Supply denies that its washout pan products are "falsely marked with the country of origin being USA" and that "the country of origin for [HD Supply's washout pan product] is South Korea," but admits that its washout pan products are from China.

41. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

42. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

43. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

44. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

45. HD Supply denies that it "attempted to retrieve at least one of the imitation pans WP had purchased from WP's premises without WP's authorization or consent," and lacks knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

46. HD Supply admits that it offers washout pans. HD Supply lacks knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

47. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

48. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

49. HD Supply admits that certain individuals contacted WP after February 2018, but lacks knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

50. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

51. HD Supply denies the allegations of this paragraph.

52. HD Supply lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

## First Cause of Action

### (Federal Passing Off, 15 U.S.C. § 1125(a))

53. HD Supply repeats, incorporates, and re-alleges its responses to the foregoing paragraphs as though fully set forth here.

54. HD Supply admits the allegations of this paragraph.

55. HD Supply denies the allegations of this paragraph.

56. HD Supply denies the allegations of this paragraph.

57. HD Supply denies the allegations of this paragraph.

58. HD Supply denies the allegations of this paragraph.

59. HD Supply denies the allegations of this paragraph.

60. HD Supply denies the allegations of this paragraph.

61. HD Supply denies the allegations of this paragraph.

62. HD Supply denies the allegations of this paragraph.

| | |
|---|---|
| 1 | 63. HD Supply denies the allegations of this paragraph. |
| 2 | 64. HD Supply denies the allegations of this paragraph. |
| 3 | 65. HD Supply denies the allegations of this paragraph. |
| 4 | 66. HD Supply denies the allegations of this paragraph. |

**Second Cause of Action**

**(Federal False Advertising, 15 U.S.C. § 1125(a))**

67. HD Supply repeats, incorporates, and re-alleges its responses to the foregoing paragraphs as though fully set forth here.

68. HD Supply admits the allegations of this paragraph.

69. HD Supply denies the allegations of this paragraph.

70. HD Supply admits that a face-to-face conversation occurred between Reef Mowers and Ian Freeman during in January 2018 in Las Vegas, but denies the remaining allegations of this paragraph.

71. HD Supply denies the allegations of this paragraph.

72. HD Supply denies the allegations of this paragraph.

73. HD Supply denies the allegations of this paragraph.

74. HD Supply denies the allegations of this paragraph.

75. HD Supply denies the allegations of this paragraph.

76. HD Supply admits that it distributed its 2017-2018 catalogue in 2018 and 2019, but denies the remaining allegations of this paragraph.

77. HD Supply denies the allegations of this paragraph.

78. HD Supply denies the allegations of this paragraph.

79. HD Supply denies the allegations of this paragraph.

80. HD Supply denies the allegations of this paragraph.

81. HD Supply denies the allegations of this paragraph.

82. HD Supply denies the allegations of this paragraph.

83. HD Supply denies the allegations of this paragraph.

84. HD Supply denies the allegations of this paragraph.

85. HD Supply denies the allegations of this paragraph.

86. HD Supply denies the allegations of this paragraph.

### Third Cause of Action

### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

87. HD Supply repeats, incorporates, and re-alleges its responses to the foregoing paragraphs as though fully set forth here.

88. HD Supply admits the allegations of this paragraph.

89. HD Supply denies the allegations of this paragraph.

90. HD Supply denies the allegations of this paragraph.

91. HD Supply denies the allegations of this paragraph.

92. HD Supply denies the allegations of this paragraph.

93. HD Supply denies the allegations of this paragraph.

94. HD Supply admits that it offers washout pans. HD Supply lacks knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

95. HD Supply denies the allegations of this paragraph.

96. HD Supply denies the allegations of this paragraph.

97. HD Supply denies the allegations of this paragraph.

98. HD Supply denies the allegations of this paragraph.

99. HD Supply denies the allegations of this paragraph.

100. HD Supply denies the allegations of this paragraph.

101. HD Supply denies the allegations of this paragraph.

102. HD Supply denies the allegations of this paragraph.

103. HD Supply denies the allegations of this paragraph.

///

///

///

///

## Fourth Cause of Action[1]

**(California Unfair Competition, Cal. Bus. & Prof. Code § 17200)**

104. HD Supply repeats, incorporates, and re-alleges its responses to the foregoing paragraphs as though fully set forth here.

105. HD Supply admits the allegations of this paragraph.

106. HD Supply denies the allegations of this paragraph.

107. HD Supply denies the allegations of this paragraph.

108. HD Supply denies the allegations of this paragraph.

109. HD Supply denies the allegations of this paragraph.

110. HD Supply denies the allegations of this paragraph.

## Fifth Cause of Action

**(California Unfair Competition, Cal. Bus. & Prof. Code § 17500)**

111. HD Supply repeats, incorporates, and re-alleges its responses to the foregoing paragraphs as though fully set forth here.

112. HD Supply admits the allegations of this paragraph.

113. HD Supply denies the allegations of this paragraph.

114. HD Supply denies the allegations of this paragraph.

115. HD Supply denies the allegations of this paragraph.

116. HD Supply denies the allegations of this paragraph.

117. HD Supply denies the allegations of this paragraph.

## Sixth Cause of Action

**(Common Law Unfair Competition)**

118. HD Supply repeats, incorporates, and re-alleges its responses to the foregoing paragraphs as though fully set forth here.

119. HD Supply denies the allegations of this paragraph.

120. HD Supply denies the allegations of this paragraph.

---

[1] WP's SAC omits a "Fourth Cause of Action," incorrectly identifies the fourth asserted cause of action as the "Fifth Cause of Action," and subsequently incorrectly numbers the remaining causes of action, resulting in the appearance of nine causes of action—though the listing on the title/caption page of the SAC accurately reflects only eight causes of action.  HD Supply corrects that numbering scheme in this Answer.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

121. HD Supply denies the allegations of this paragraph.

122. HD Supply denies the allegations of this paragraph.

123. HD Supply denies the allegations of this paragraph.

124. HD Supply denies the allegations of this paragraph.

125. HD Supply denies the allegations of this paragraph.

126. HD Supply denies the allegations of this paragraph.

## Seventh Cause of Action

### (Common Law Trademark Infringement)

127. HD Supply repeats, incorporates, and re-alleges its responses to the foregoing paragraphs as though fully set forth here.

128. HD Supply denies the allegations of this paragraph.

129. HD Supply admits that it has used the term "washout pan" in connection with its products, but denies the remaining allegations of this paragraph.

130. HD Supply admits that it has used the term "washout pan" in connection with its products, but denies the remaining allegations of this paragraph.

131. HD Supply admits that it offers washout pans. HD Supply lacks knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

132. HD Supply denies the allegations of this paragraph.

133. HD Supply denies the allegations of this paragraph.

134. HD Supply denies the allegations of this paragraph.

135. HD Supply denies the allegations of this paragraph.

136. HD Supply denies the allegations of this paragraph.

137. HD Supply denies the allegations of this paragraph.

138. HD Supply denies the allegations of this paragraph.

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## Eighth Cause of Action

### (Common Law Trade Dress Infringement)

139. HD Supply repeats, incorporates, and re-alleges its responses to the foregoing paragraphs as though fully set forth here.

140. HD Supply denies the allegations of this paragraph.

141. HD Supply denies the allegations of this paragraph.

142. HD Supply denies the allegations of this paragraph.

143. HD Supply denies the allegations of this paragraph.

144. HD Supply admits that it offers washout pans. HD Supply lacks knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

145. HD Supply denies the allegations of this paragraph.

146. HD Supply denies the allegations of this paragraph.

147. HD Supply denies the allegations of this paragraph.

148. HD Supply denies the allegations of this paragraph.

149. HD Supply denies the allegations of this paragraph.

150. HD Supply denies the allegations of this paragraph.

151. HD Supply denies the allegations of this paragraph.

152. HD Supply denies the allegations of this paragraph.

## Prayer for Relief

HD Supply denies the allegations of WP's Prayer for Relief, including denying that WP is entitled to any relief whatsoever. HD Supply requests the Court deny all relief to WP and enter judgment in HD Supply's favor instead.

## Demand for Jury Trial

HD Supply does not object to WP's request for a trial by jury on all issues so triable, in accordance with Federal Rule of Civil Procedure 38.

///

///

## AFFIRMATIVE DEFENSES

HD Supply asserts the following Affirmative Defenses in response to WP's SAC. HD Supply reserves the right to amend its responses to add additional Affirmative Defenses or Counterclaims as they become known through the course of discovery in this case. The assertion of any defense is not a concession that HD Supply has the burden of proof on the matter.

### First Affirmative Defense

WP's SAC, and each cause of action contained therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

WP's SAC is barred, in whole or in part, by the equitable doctrines of acquiescence, waiver, laches, or estoppel.

### Third Affirmative Defense

WP's SAC is barred, in whole or in part, by the equitable doctrine of unclean hands.

### Fourth Affirmative Defense

Without admitting that the SAC states a claim, WP's SAC is barred, in whole or in part, by the equitable doctrine of mistake, as any wrongful acts alleged to have been committed by HD Supply occurred innocently upon good faith, with a lack of knowledge and/or a lack of willful intent.

### Fifth Affirmative Defense

WP's claim for infringement of the alleged WASHOUTPAN mark and trade dress is barred as a result of prior use and/or prior registration of others.

### Sixth Affirmative Defense

There is no likelihood of confusion between WP's asserted "WASHOUT PAN" mark and HD Supply's use of the asserted mark.

### Seventh Affirmative Defense

HD Supply does not infringe WP's asserted "WASHOUT PAN" trademark.

### Eighth Affirmative Defense

WP's asserted "WASHOUT PAN" mark is generic.

### Ninth Affirmative Defense

The claims of infringement related to WP's asserted "WASHOUT PAN" mark are barred, in whole or in part, on the basis that the mark lacks secondary meaning.

### Tenth Affirmative Defense

WP's asserted "WASHOUT PAN" mark is not a protectable trademark.

### Eleventh Affirmative Defense

HD Supply's use of the asserted "WASHOUT PAN" mark was a permitted use pursuant to a license.

### Thirteenth Affirmative Defense

HD Supply's use of the asserted "WASHOUT PAN" mark was released and waived via settlement.

### Fourteenth Affirmative Defense

There is no likelihood of confusion between WP's asserted trade dress and HD Supply's use of the asserted trade dress.

### Fifteenth Affirmative Defense

HD Supply does not infringe WP's asserted trade dress.

### Sixteenth Affirmative Defense

WP's asserted trade dress is functional.

### Seventeenth Affirmative Defense

WP's asserted trade dress is generic.

### Eighteenth Affirmative Defense

The claims of infringement related to WP's asserted trade dress are barred, in whole or in part, on the basis that the dress lacks secondary meaning.

///

///

**Nineteenth Affirmative Defense**

WP's asserted trade dress is not a protectable trademark, not protectable trade dress.

**Twentieth Affirmative Defense**

HD Supply's use of the asserted trade dress was permitted pursuant to a license.

**Twenty-First Affirmative Defense**

HD Supply's use of the asserted trade dress was released and waived via settlement.

**Twenty-Second Affirmative Defense**

There is no likelihood of fraud, deception, or mistake resulting from HD Supply's use of alleged advertising materials as there is no untruth in the content subject of WP's claims whether literally or by implication.

**Twenty-Third Affirmative Defense**

The contents of, and HD Supply's use of alleged advertising materials subject of WP's false advertising claims were permitted pursuant to a license.

**Twenty-Fourth Affirmative Defense**

The contents of, and HD Supply's use of alleged advertising materials subject of WP's false advertising claims were released and waived via settlement.

**Twenty-Fifth Affirmative Defense**

The contents of, and HD Supply's use of alleged advertising materials subject of WP's false advertising claims are protected by the First Amendment of the United States Constitution.

**Twenty-Sixth Affirmative Defense**

The contents of, and HD Supply's use of alleged advertising materials subject of WP's false advertising claims are protected by the doctrine of descriptive fair use.

///

**Twenty-Seventh Affirmative Defense**

HD Supply's use of the asserted mark is protected by the doctrine of descriptive fair use.

**Twenty-Eighth Affirmative Defense**

WP's claims for injunctive relief are barred because WP cannot show that it has or will suffer any irreparable harm from HD Supply's actions.

**Twenty-Ninth Affirmative Defense**

Any alleged injury suffered by WP would be adequately compensated for by damages, and so WP has a complete and adequate remedy at law and is not entitled to injunctive relief.

**Thirtieth Affirmative Defense**

Any alleged damages suffered by WP were not proximately caused by any act or omission by HD Supply.

**Thirty-First Affirmative Defense**

Without admitting that the SAC states a claim, WP has not been damaged in any amount, manner or all by reason of any act alleged against HD Supply in the SAC, and the relief sought therefore cannot be granted.

**Thirty-Second Affirmative Defense**

WP's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

**Thirty-Third Affirmative Defense**

WP's claims for punitive damages are barred, in whole or in part, because punitive damages are not recoverable in cases brought under the Lanham Act.

**Thirty-Fourth Affirmative Defense**

HD Supply's use of any protected photographs or other media was a permitted use pursuant to a license.

///

///

### Thirty-Fifth Affirmative Defense

The claims of WP's SAC are barred in whole or part as preempted by the Copyright Act.

### Thirty-Sixth Affirmative Defense

Upon information and belief, WP's trade dress claims may be barred by reason of WP's failure to secure federal patent protection for its asserted product(s). WP dedicated the configuration of the design of the various washout pan products to the public by disclosing, but not claiming, the configuration and design in an issued United States patent.

### Thirty-Seventh Affirmative Defense

HD Supply is entitled to make, use, promote, advertise, offer, and/or sell its washout pan products under the federal patent laws.

### Thirty-Eighth Affirmative Defense

The configuration and design of WP's Washoutpan products is in the public domain.

### Thirty-Ninth Affirmative Defense

On information and belief, to the extent WP had any protectable interest in the alleged WASHOUTPAN mark and alleged trade dress associated with its products, it has abandoned them.

### Fortieth Affirmative Defense

WP's SAC is barred, in whole or in part, by applicable statutes of limitations.

### Forty-First Affirmative Defense

WP's SAC is barred, in whole or in part, as preempted by applicable federal or state statutes, or federal or state agency regulations.

### Reservation of Rights

HD Supply has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses

available. HD Supply reserve the right to assert additional defenses in the event that discovery indicates they would be appropriate.

**PRAYER**

Wherefore, having fully answered the SAC, HD Supply respectfully prays as follows:

1. That WP take nothing by way of its SAC;

2. That judgment be entered in favor of HD Supply and against WP on the SAC as a whole;

3. That HD Supply be awarded its attorneys' fees and costs of suit as may be appropriate under applicable law; and

4. That the Court award HD Supply such other relief as the Court may deem appropriate.

Dated: December 19, 2019    GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Sean D Flaherty*
Sean D. Flaherty
Patrick J. Mulkern
Attorney for Defendant
HD Supply Construction Supply, Ltd.

16
DEFENDANT'S ANSWER TO SAC    Case No.: 2:19-cv-00494-AB-JEM

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2019, the foregoing was filed electronically via the Court's Electronic Filing System and served upon all counsel of record via the same.

*/s/ Sean D. Flaherty*
Sean D. Flaherty