# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASHOUTPAN.COM, LLC, a California limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WHITE CAP, L.P., a Florida limited partnership; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. CV 19-00494-AB (JEMx)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge. No Objections to the Report and Recommendation were filed within the time allowed for Objections. The Court accepts the findings and recommendations of the Magistrate Judge.

　　　　Accordingly, **IT IS HEREBY ORDERED** that:

　　　　1.　　It has been established that WP has not suffered any actual damages. WP is precluded from later introducing evidence of its actual damages.

///

///

///

2. It has been established that the absence of WP's advertising expenditures weigh against a likelihood of confusion asserted by WP. WP is precluded from later introducing evidence of its advertising expenditures.

3. It has been established that WP lacks evidence reflecting any federal, state, or local statutes and regulations application to the production, manufacture, or marketing of washout pans and lacks evidence reflecting the nature or circumstances of WP's compliance therewith. WP is precluded from later introducing evidence of any federal, state, or local statutes and regulations applicable to the production, manufacture, or marketing of washout pans or its claimed compliance therewith.

4. It has been established that WP is neither the first nor the substantially-exclusive user of the term "washout pan." It is directed that "washout pan" is pervasively used in the trade and by the public for the types of products at issue. WP is prohibited from later attempting to introduce evidence to show that WP was the first or substantially-exclusive user of the term "washout pan." WP is prohibited from later arguing or attempting to introduce evidence that "washout pan" is <u>not</u> a widely used term in the trade or by the relevant public for the types of products at issue.

5. It has been established that Mr. Mower's LinkedIn post contending that he was "finishing a 15 minute documentary" with the help of "very creative influencers" about "how [WP] was stolen and replicated in China by [White Cap f/k/a HD Supply]" is false. WP is prohibited from introducing at trial any evidence reflected in the images, video, text, and sound files comprising the video that have been withheld thus far.

6. It has been established that in early 2020, WP's principal Reef Mowers attempted to and did publicly threaten and intimidate White Cap and its employees by disseminating videos of himself making such threats on LinkedIn. It has been established that WP's principal Reef Mowers has in the course of litigating this case made knowingly

///
///
///

false statements and certifications despite being subject to a court order requiring a declaration be made under penalty of perjury. WP is prohibited from later attempting to introduce evidence of or regarding the videos on WP's behalf, or arguing that their content is non-threatening.

DATED: September 13, 2021

ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE